NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOUSEF M. BILBEISI,

               Plaintiff-Appellant,

  v.

SAFEWAY,

               Defendant-Appellee.

No.   23-35446

D.C. No. 2:22-cv-00876-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 12, 2026[**]

Before:  O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

    Yousef Bilbeisi appeals pro se from the district court's summary judgment

in favor of Bilbeisi's former employer Safeway, Inc. in Bilbeisi's diversity action

alleging employment discrimination.  We have jurisdiction under 28 U.S.C. §

1291.  We review de novo, *see, e.g., Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1253, 1259 (9th Cir. 2021), and we affirm.

The district court properly granted summary judgment on Bilbeisi's disparate treatment claims because Bilbeisi failed to raise a triable dispute as to whether he was fired or otherwise disciplined because of his race or religion. *See, e.g., Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 470 (Wash. 2017) (en banc) (applying *McDonnell Douglas* framework for state employment discrimination claims). The record reflects that Safeway fired Bilbeisi for the legitimate, non-discriminatory reasons of job abandonment after Bilbeisi missed three shifts in a row without first informing his manager. *See, e.g., Campbell v. Ha. Dep't of Education*, 892 F.3d 1005, 1012 (9th Cir. 2018) (explaining respective burdens; if plaintiff establishes a prima facie case of discrimination, then burden shifts to employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct).

The district court properly granted summary judgment on Bilbeisi's religious accommodation claim because Bilbeisi failed to raise a triable dispute as to whether he requested an accommodation. *See, e.g., Kumar v. Gate Gormet Inc.*, 325 P.3d 193, 203 (Wash. 2014) (en banc) (elements of religious accommodation claim; among other things, plaintiff must have informed employer of beliefs and conflict).

The district court properly granted summary judgment on Bilbeisi's

retaliation claim because Bilbeisi failed to raise a triable dispute as to whether he was terminated on account of protected activity. *See, e.g., Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018) (en banc) (elements of retaliation claim; among other things, plaintiff must show that he took a statutorily protected action).

The district court did not abuse its discretion when it declined to consider evidence proffered by Bilbeisi in his untimely surreplies because Bilbeisi's additional surreplies were not authorized under the district court's local rules. *See* W.D. Wash. L.R. 7(g)(2); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (stating standard of review; party seeking to amend scheduling order must establish diligence); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) (district courts enjoy broad discretion in their interpretation of local rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See, e.g., Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED.**